IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| ELEAZAR AVALOS ) | |
| ) | |
| and ) | |
| ) | |
| JAMES DAVIS, ) | |
| ) | Case No. __19-__48 C |
| Plaintiffs, ) | |
| ) | Collective Action |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

# COMPLAINT

A partial government shutdown affecting several federal agencies providing critical services to the American public has been in effect since December 22, 2018. Hundreds of thousands of federal employees, including tens of thousands of National Treasury Employees Union (NTEU) members, are "excepted employees" who are being forced to work during the partial government shutdown without pay. The compensation for overtime worked on December 22—the first day of the shutdown—was not paid on time. It is, moreover, unknown when they will be paid for that work and for work performed since that date.

This is a collective action lawsuit, brought by Eleazar Avalos and James Davis, on behalf of themselves and all similarly situated individuals. The complaint makes two central allegations. First, it alleges that the government's failure to timely pay overtime wages earned on December 22, 2018, to Fair Labor Standards Act (FLSA) nonexempt employees like Mr. Avalos and Mr. Davis is illegal. Second, the complaint further alleges an FLSA violation based upon the expected government failure to pay a minimum wage and overtime wages earned for the pay period beginning December 23, 2018 and ending on January 5, 2019. They seek payment of the owed wages, an equal amount of liquidated damages, and other appropriate remedies.

## JURISDICTION

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1491(a)(1).

## VENUE

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1491(a)(1).

## PARTIES

3. Plaintiffs Avalos and Davis are employed by the United States Department of Homeland Security, Customs and Border Protection (CBP) as Customs and Border Protection Officers. CBP has classified them as FLSA nonexempt, and they have been classified as such throughout the partial government shutdown at issue.

4. Like many other CBP employees, Plaintiffs Avalos and Davis are covered by both the FLSA and another federal pay statute: the Customs Officer Pay Reform Act (COPRA), which sets their overtime rate. Plaintiffs Avalos's and Davis's statutory right to the on-time payment of overtime wages earned—wages paid at the rate COPRA sets—is governed by the FLSA.

5. As Section 216(b) of the FLSA requires, Plaintiffs Avalos and Davis have given their written consent to be party plaintiffs in this action. Those written consents are appended to this complaint.

6. Defendant United States of America is an "employer" and a "public agency" within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203.

## STATEMENT OF CLAIMS

7. The FLSA guarantees, for employees falling within its coverage, the on-time payment of any minimum wage and overtime wages earned. If those wages are earned, but not paid out, on the employee's corresponding regularly scheduled payday, the FLSA has been violated. The FLSA's timely payment requirement persists during a lapse in appropriated funds. Biggs v. Wilson, 1 F.3d 1537, 1540 (9th Cir. 1993); Martin v. United States, 117 Fed. Cl. 611, 620, 625 (2013).

8. On December 22, 2018, at 12:01 a.m., a partial government shutdown began. It remains in effect. Among several other federal agencies, the shutdown implicates Plaintiffs Avalos's and Davis's agency employer: the Department of Homeland Security.

9. The Antideficiency Act, 31 U.S.C. § 1342 authorizes the executive branch to require employees to work, without pay, during a lapse in appropriated funds, if their work relates to "the safety or human life or the protection of property." Employees designated to work during a lapse in appropriated funds are deemed "excepted employees." Each federal agency employee, for purposes of a shutdown, is classified as either excepted or nonexcepted.

10. Plaintiffs Avalos and Davis were designated excepted employees for the shutdown that began on December 22.

### The Past FLSA Violation

11. On December 22, Mr. Avalos worked two hours of overtime. He should have been paid for that work, but was not, by either December 31 (the date on which electronic funds transfer (EFT) wage payments for the pay period encompassing December 22 issued) or by January 3 (the date on which paper checks for the pay period encompassing December 22 issued).

12. On December 22, Mr. Davis worked eight hours of overtime. He should have been paid for that work, but was not, by either December 31 (the date on which electronic funds transfer (EFT) wage payments for the pay period encompassing December 22 issued) or by January 3 (the date on which paper checks for the pay period encompassing December 22 issued).

13. Because it is unknown when Congress will fund the agency where Plaintiffs Avalos and Davis are employed, it is unknown when they will be paid for the overtime work that they performed on

December 22.  What is known, however, is that the payment is past due.

14.	The federal government's failure to pay Plaintiffs Avalos and Davis, and other FLSA nonexempt, excepted employees who performed overtime work on December 22, on time violated the FLSA.  The federal government was on notice, including from previous litigation, that a failure to pay FLSA nonexempt employees their overtime wages on time, regardless whether the government is shut down, is a <u>per se</u> FLSA violation. The federal government, therefore, neither acted in good faith, nor had reasonable grounds for believing that failing to pay FLSA nonexempt employees their overtime wages on time was compliant with the FLSA.

15.	Plaintiffs Avalos and Davis and similarly situated employees are thus entitled, under the FLSA, to the payment of their overtime wages earned on December 22 and the payment of liquidated damages equal to that now-late payment of overtime wages.

## The Anticipated FLSA Violations

16.	Plaintiffs Avalos and Davis have continued to perform non-overtime and overtime work since December 22.

17. Plaintiffs Avalos and Davis are scheduled to be paid wages earned between December 23, 2018, and January 5, 2019 on either January 14 (the date on which EFT wage payments for the pay period are due) or by January 17 (the date on which paper checks for the pay period are due).

18. John Michael Mulvaney is the President's Acting Chief of Staff. Mr. Mulvaney stated on January 6, 2019, that, if there is no agreement to end the shutdown by midnight on Tuesday, January 8, 2018, "then payroll will not go out as originally planned on Friday night." See Hayley Miller, "Mick Mulvaney: Government Shutdown Likely To 'Drag On A Lot Longer,'" HuffingtonPost.com (Jan. 6, 2019).

19. The shutdown has continued beyond midnight on Tuesday, January 8, which makes it substantially likely that Mr. Avalos and Mr. Davis will not receive any wages for work that they performed from December 23 through January 5 on their regularly scheduled payday (which, for both plaintiffs, is January 14 because they receive their paychecks via EFT).

20. Mr. Avalos's and Mr. Davis's failure to receive any pay for work performed during that period will constitute two FLSA violations.

They will not have been timely paid a minimum wage for their regular hours worked, violating the FLSA's minimum wage provision. Further, they will not have been paid any overtime wages earned during this period, violating the FLSA's overtime provision.

## Liquidated Damages

21. The federal government has previously been held to be liable for liquidated damages stemming from its failure to timely pay FLSA wages to FLSA nonexempt employees during a government shutdown.

22. That liability followed a ruling in <u>Martin v. United States</u>, 130 Fed. Cl. 578 (2017), that the federal government failed to ascertain its FLSA obligations in connection with the payment of FLSA nonexempt, excepted employees during a government shutdown.

23. Nothing in the public domain indicates that, since the <u>Martin</u> decision and prior to the instant shutdown, the government sought to obtain such an opinion or analysis.

24. The FLSA overtime pay owed to Plaintiffs Avalos and Davis, as well as the liquidated damages owed to them, may be paid from the Judgment Fund, 31 U.S.C. § 1304, which is a permanent appropriation for the payment of judgments and compromises. It is not subject to the

annual appropriations process and it is not implicated by the current shutdown.

## COLLECTIVE ACTION ALLEGATIONS

25. Defendant United States of America failed to pay FLSA nonexempt, excepted employees who worked overtime on December 22, 2018—including Plaintiffs Avalos and Davis—their earned overtime wages on their regularly scheduled payday. These employees suffered the same legal violation under the same factual circumstances, attributable to Defendant United States of America, and seek the same remedies.

26. Defendant United States of America is substantially unlikely to pay FLSA nonexempt, excepted employees who worked regular time and overtime for the pay period beginning December 23, 2018 and ending January 5, 2019 any wages whatsoever on their regularly scheduled payday. These employees will suffer the same legal violation under the same factual circumstances, attributable to Defendant United States of America, and seek the same remedies.

27. The minimum wage and overtime pay owed to Plaintiffs Avalos and Davis and all other FLSA nonexempt, excepted employees

who worked overtime on December 22, 2018 or who worked at all between December 23, 2018 and January 5, 2019 can be calculated using Defendant United States of America's payroll and employee data.

28. The amount of liquidated damages due to Plaintiffs Avalos and Davis and all other FLSA nonexempt, excepted employees who worked overtime on December 22, 2018 or who worked at all between December 23, 2018 and January 5, 2019 can be calculated using Defendant United States of America's payroll and employee data.

29. Hundreds of thousands of employees have been excepted from the current shutdown. At CBP alone, thousands of FLSA nonexempt, excepted employees are believed to have worked overtime on December 22, 2018, and not been timely paid for it. Those same employees have continued to work during the shutdown and performed regular and overtime work between December 23, 2018 and January 5, 2019. A collective action would be the most efficient way to resolve their FLSA timely payment claims, which involve the same questions of law and fact.

30. Defendant United States of America has the capacity to communicate with excepted employees efficiently, through their

government email addresses, for purposes of providing notice of the collective action.

## CAUSE OF ACTION

### Count One: Failure to Timely Pay Overtime Wages to FLSA Nonexempt, Excepted Employees, in Violation of the FLSA.

31. Plaintiffs Avalos and Davis reassert the allegations contained in paragraphs 1 through 31 of this complaint as though contained herein.

32. Defendant United States of America failed to pay FLSA nonexempt, excepted employees—including Plaintiffs Avalos and Davis—overtime wages earned on December 22, 2018 on their regularly scheduled payday. That failure to issue timely payment violated the FLSA per se.

33. Defendant United States of America has been held liable for this very type of FLSA violation in the past. Its failure to issue timely payment to Plaintiffs Avalos and Davis and similarly situated individuals in this shutdown constituted an FLSA violation for which the FLSA's presumptive penalty of liquidated damages are warranted.

## Count Two: Expected Failure to Timely Pay A Minimum Wage to FLSA Nonexempt, Excepted Employees, in Violation of the FLSA

34. Plaintiffs Avalos and Davis reassert the allegations contained in paragraphs 1 through 34 of this complaint as though contained herein.

35. Based on Mr. Mulvaney's statements, it is substantially likely that Plaintiffs Avalos and Davis will not receive any wages at all for work performed from December 23, 2018 through January 5, 2019 on their regularly scheduled payday.

36. Defendant United States of America will violate the FLSA per se by failing to pay FLSA nonexempt, excepted employees, including Plaintiffs Avalos and Davis, any minimum wage for work performed from December 23, 2018 through January 5, 2019 on their regularly scheduled payday.

37. Defendant United States of America will violate the FLSA per se by failing to pay FLSA nonexempt, excepted employees, including Plaintiffs Avalos and Davis, overtime wages earned from December 23, 2018 through January 5, 2019 on their regularly scheduled payday. That failure to issue timely payment will violate the FLSA per se.

38. Defendant United States of America's FLSA violations for failing to timely pay a minimum wage and overtime wages earned is continuing in nature. Each regularly scheduled pay day that passes without the payment of a minimum wage to FLSA nonexempt, excepted employees will constitute an additional FLSA violation. Each regularly scheduled pay day that passes without the payment of earned overtime wages to FLSA nonexempt, excepted employees will constitute an additional FLSA violation.

## **REQUEST FOR RELIEF**

WHEREFORE, based on the foregoing, Plaintiffs Avalos and Davis request, on their behalf and on behalf of those similarly situated, judgment against Defendant United States of America:

A. Certifying this FLSA collective action.

B. Requiring Defendant United States of America to provide electronic notice to all excepted employees of the collective action via their government email addresses using language approved by the Court.

C. Ordering Defendant United States of America to make members of the collective action whole by paying them any minimum

wage owed and all overtime wages earned since December 22, 2018, but not timely paid on their regularly scheduled payday.

    D.    Ordering Defendant United States of America to pay members of the collective action liquidated damages in an amount equal to any minimum wage and overtime wages earned since December 22, 2018, which were not timely paid.

    E.    Awarding Plaintiffs Avalos and Davis and other members of the collective action reasonable attorneys' fees and costs incurred in this action.

    F.    Ordering such further relief as the Court may deem just and appropriate.

Respectfully submitted,

/s Gregory O'Duden, by /s Paras N. Shah

---

GREGORY O'DUDEN
General Counsel
NATIONAL TREASURY EMPLOYEES UNION
1750 H Street, N.W.
Washington, D.C. 20006
Tel: (202) 572-5500
Fax: (202) 572-5645
greg.oduden@nteu.org

Counsel of Record for Plaintiffs Avalos and Davis

Larry J. Adkins
Paras N. Shah
NATIONAL TREASURY EMPLOYEES UNION
1750 H Street, N.W.
Washington, D.C. 20006
Tel: (202) 572-5500
Fax: (202) 572-5645
larry.adkins@nteu.org
paras.shah@nteu.org

Of Counsel for Plaintiffs Avalos and Davis

Leon Dayan
BREDHOFF & KAISER PLLC
805 15th Street N.W.
Suite 1000
Washington, D.C. 20005
Tel: (202) 842-2600
Fax: (202) 842-1888
ldayan@bredhoff.com

January 9, 2019   Of Counsel for Plaintiffs Avalos and Davis

# CERTIFICATE OF SERVICE

I certify that, on January 9, 2019, I electronically filed the foregoing complaint, with attachments, with the Clerk of the Court for the United States Court of Federal Claims through the CM/ECF system. I further certify that, pursuant to Rule 4 of the United States Court of Federal Claims, the Clerk of the Court will serve the complaint and its attachments upon the United States.

/s/ Paras N. Shah
_____
PARAS N. SHAH

NATIONAL TREASURY EMPLOYEES UNION
1750 H Street, N.W.
Washington, D.C. 20006
Tel: (202) 572-5500
Fax: (202) 572-5645
paras.shah@nteu.org

Consent to Become a Party Plaintiff

By my signature below, I represent to the court that I have worked for the United States government and that during the partial government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act and any other applicable laws or regulations.

1-9-2018
Date

Eleazar Avalos

Home address:
8660 FM 1421
Brownesville, TX 78520

Employer:
United States Customs and Border Protection

Job Title:
Customs and Border Protection Officer

Consent to Become a Party Plaintiff

By my signature below, I represent to the court that I have worked for the United States government and that during the partial government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act and any other applicable laws or regulations.

Date: 1/9/19

James Davis

Home address:
PO Box 367
La Pryor TX 78872

Employer:
United States Customs and Border Protection

Job Title:
Customs and Border Protection Officer