## IN THE UNITED STATES COURT OF FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| ELEAZAR AVALOS | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JAMES DAVIS | ) | |
| | ) | |
| and | ) | |
| | ) | |
| TONY BROOKS | ) | |
| | ) | |
| and | ) | |
| | ) | |
| DAVID MAGAKI, | ) | Case No. 19-cv-0048 |
| | ) | |
| Plaintiffs, | ) | Judge Patricia E. |
| | ) | Campbell Smith |
| | ) | |
| v. | ) | Collective Action |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## FIRST AMENDED COMPLAINT

A partial government shutdown affecting several federal agencies providing critical services to the American public went into effect December 22, 2018 and ended January 25, 2019.  Hundreds of thousands of federal employees, including tens of thousands of employees in bargaining units represented by the National Treasury

Employees Union (NTEU), were forced to work during the partial government shutdown without pay.  The compensation for overtime worked on December 22—the first day of the shutdown—and subsequently, until January 25, 2019 when the shutdown ended, was not paid on time.  Compensation for non-overtime, regularly scheduled work performed on or since December 23, 2018 until January 25, 2019 when the shutdown ended was also not paid on time.

This is a collective action lawsuit, brought by Eleazar Avalos, James Davis, Tony Brooks, and David Magaki, on behalf of themselves and all similarly situated employees in bargaining units represented by NTEU.  The complaint makes two central allegations.  First, it alleges a violation of the Fair Labor Standards Act (FLSA) based on the government's failure to timely pay overtime wages earned between December 22, 2018 and January 25, 2019.  Second, the complaint further alleges an FLSA violation based upon the government's failure to timely pay a minimum wage for non-overtime work performed between December 23, 2018 and January 25, 2019.  The complaint seeks liquidated damages in the amount equal to the overtime and

minimum wages that the government failed to pay on time, and other appropriate remedies.

## JURISDICTION

1.    This Court has jurisdiction pursuant to 28 U.S.C. § 1491(a)(1).

## VENUE

2.    Venue is proper in this Court pursuant to 28 U.S.C. § 1491(a)(1).

## PARTIES

3.    Plaintiffs and all other similarly situated as defined in paragraph 7, infra, are "employee[s]" as defined by 29 U.S.C. § 203(e).

4.    Plaintiffs Avalos, Davis, Brooks, and Magaki are employed by the United States Department of Homeland Security, Customs and Border Protection (CBP) as Customs and Border Protection Officers. CBP has classified them as FLSA nonexempt, and they were classified as such throughout the partial government shutdown at issue.

5.    Like many other CBP employees, Plaintiffs Avalos, Davis, Brooks, and Magaki are covered by both the FLSA and another federal pay statute:  the Customs Officer Pay Reform Act (COPRA), which sets

their overtime rate.  The statutory right of Plaintiffs Avalos, Davis, Brooks, and Magaki to the on-time payment of overtime wages earned—wages paid at the rate COPRA sets—is governed by the FLSA.

6.     As Section 216(b) of the FLSA requires, Plaintiffs Avalos, Davis, Brooks, and Magaki have given their written consent to be party plaintiffs in this action.  Those written consents are appended to this complaint.

7.     NTEU represents numerous other employees in other bargaining units in agencies affected by the shutdown who, like Plaintiffs Avalos, Davis, Brooks, and Magaki, were required to work during the shutdown but who were not paid timely for overtime or non-overtime work performed during the shutdown.  For purposes of this complaint, similarly situated employees to the named plaintiffs in this suit means FLSA nonexempt employees in bargaining units represented by NTEU between December 22, 2018 and the close of the "opt-in" period.  "Opt-in" period means the time period established by this Court for plaintiffs to give their consent in writing to become a party plaintiff pursuant to 29 U.S.C. § 216(b).

8.    Pursuant to Title VII of the Civil Service Reform Act, Pub. L. No. 95-454, 92 Stat. 1111, NTEU is the exclusive bargaining representative of approximately 150,000 federal employees in 31 federal agencies, including 11 agencies affected by the shutdown.  NTEU represents the interests of these employees by, inter alia, negotiating collective bargaining agreements; arbitrating grievances under such agreements; filing unfair labor practices; lobbying Congress for favorable working conditions, pay, and benefits; and enforcing employees' collective and individual rights in federal courts.

9.    Defendant United States of America is an "employer" and a "public agency" within the meaning of the FLSA, 29 U.S.C. § 203.

## STATEMENT OF CLAIMS

10.   The FLSA guarantees, for employees falling within its coverage, the on-time payment of a minimum wage and any overtime wages earned.  If those wages are earned, but not paid out, on the employee's corresponding regularly scheduled payday, the FLSA has been violated.  The FLSA's timely payment requirement persists during a lapse in appropriated funds.  Biggs v. Wilson, 1 F.3d 1537, 1540 (9th Cir. 1993); Martin v. United States, 117 Fed. Cl. 611, 620, 625 (2013).

11.    On December 22, 2018, at 12:01 a.m., a partial government shutdown began.  It ended on January 25, 2019.  Among numerous other federal agencies, the shutdown affected the Department of Homeland Security, which is the agency employer of Plaintiffs Avalos, Davis, Brooks, and Magaki.

12.    The Antideficiency Act, 31 U.S.C. § 1342 authorizes the executive branch to require employees to work without pay during a lapse in appropriated funds if their work relates to "the safety or human life or the protection of property."  Employees designated to work during a lapse in appropriated funds under 31 U.S.C. § 1342 are deemed "excepted employees."  Plaintiffs Avalos, Davis, Brooks, and Magaki were designated excepted employees for the shutdown that began on December 22.

13.    Other NTEU-represented agencies also required employees to work, without pay, under various exceptions.  The Internal Revenue Service, for example, required thousands of employees to work without pay under the Section 1342 protection of law and property exception, but also required thousands more to work during the shutdown under a "necessarily implied by law" exception.

6

14.   On December 22, Plaintiff Avalos worked two hours of overtime.  He should have been paid for that work, but was not, on his regularly scheduled pay day for the pay period ending on December 22, 2018.  He continued to perform overtime and non-overtime work after December 22, 2018 but was not been paid on his regularly scheduled pay days.

15.   On December 22, Plaintiff Davis worked eight hours of overtime.  He should have been paid for that work, but was not, on his regularly scheduled pay day for the pay period ending on December 22, 2018.  He continued to perform overtime and non-overtime work after December 22, 2018 but was not paid on his regularly scheduled pay days.

16.   On December 22, Plaintiff Brooks worked 7.5 hours of overtime. He should have been paid for that work, but was not, on his regularly scheduled pay day for the pay period ending on December 22, 2018.  He continued to perform overtime and non-overtime work after December 22, 2018 but was not paid on his regularly scheduled pay days.

17.  On December 22, Plaintiff Magaki worked eight hours of overtime.  He should have been paid for that work, but was not, on his regularly scheduled pay day for the pay period ending on December 22, 2018.  He continued to perform overtime and non-overtime work after December 22, 2018 but was not paid on his regularly scheduled pay days.

18.  The shutdown ended on January 25, 2019 with passage of House Joint Resolution 28, which provides funding for the agencies affected by the partial shutdown through the earlier of February 15, 2019, or the enactment of the applicable appropriations legislation.

19.  The Government Employee Fair Treatment Act (S. 24), signed into law on January 16, 2019, provides that federal employees who worked without pay during the shutdown will be paid once the shutdown ends.

20.  The federal government's failure to pay timely Plaintiffs and other FLSA nonexempt employees who performed overtime work on or since December 22, 2018, or who performed non-overtime work on or since December 23, 2018, until January 25, 2019, violated the FLSA.

21.   The federal government was on notice, including from previous litigation, that a failure to pay FLSA nonexempt employees their overtime wages on time, or the required minimum wage on time, regardless of whether the government is shut down, is a per se FLSA violation.

22.   This Court ruled in Martin v. United States, 130 Fed. Cl. 578 (2017), that the federal government failed to ascertain its FLSA obligations in connection with the payment of FLSA nonexempt employees who were required to work during a government shutdown.

23.   Nothing in the public domain indicates that, since the Martin decision and prior to the instant shutdown, the government sought to obtain such an opinion or analysis about its FLSA obligations.

24.   The federal government, therefore, neither acted in good faith, nor had reasonable grounds for believing that failing to pay FLSA nonexempt employees their overtime wages or the required minimum wage on time during the shutdown was compliant with the FLSA.

25.   Plaintiffs and similarly situated employees are thus entitled, under the FLSA, to the payment of their overtime wages earned between December 22, 2018 and January 25, 2019; to the

9

payment of the required minimum wage for non-overtime work earned between December 23, 2018 and January 25, 2019; and to the payment of liquidated damages equal to the late payment of overtime and minimum wages.

## COLLECTIVE ACTION ALLEGATIONS

26.    Defendant United States of America failed to pay FLSA nonexempt employees who worked overtime between December 22, 2018 and January 25, 2019 —including Plaintiffs Avalos, Davis, Brooks, and Magaki and similarly situated employees in bargaining units represented by NTEU—their earned overtime wages on their regularly scheduled payday.

27.    Defendant United States of America also failed to pay FLSA nonexempt employees who performed non-overtime work between December 23, 2018 and January 25, 2019 —including Plaintiffs Avalos, Davis, Brooks, and Magaki and similarly situated employees in bargaining units represented by NTEU—a minimum wage on their regularly scheduled payday.

28.  The minimum wage and overtime pay owed to Plaintiffs and similarly situated employees in bargaining units represented by NTEU

who worked overtime between December 22, 2018 and January 25, 2019, or non-overtime between December 23, 2018 and January 25, 2019, can be calculated using Defendant United States of America's payroll and employee data.

29.   The amount of liquidated damages due to Plaintiffs and similarly situated employees in bargaining units represented by NTEU who worked overtime between December 22, 2018 and January 25, 2019 or who worked at all between December 23, 2018 and January 25, 2019, can be calculated using Defendant United States of America's payroll and employee data.

30.   Tens of thousands of employees in numerous bargaining units represented by NTEU were required to work without pay during the current shutdown.   These employees performed overtime work, or non-overtime work, or both, but were not timely paid.   A collective action on behalf of these employees—i.e., all FLSA nonexempt employees required to work during the shutdown without timely pay who are in bargaining units represented by NTEU between December 22, 2018 and the close of the opt-in period—would be the most efficient way to resolve their FLSA claims, which involve the same questions of law and fact.

31.    Defendant United States of America has the capacity to communicate with employees who were required to work during the shutdown efficiently, through their government email addresses, for purposes of providing notice of the collective action.

32.    NTEU regularly communicates with all the employees it represents through email messages, phone messages, training, the union website, blogs, and meetings.  NTEU has officers in every bargaining unit in every agency it represents who communicate regularly with represented employees.  NTEU can thus effectively communicate with plaintiffs in this litigation which will supplement the government's communications (requested below) with affected employees.

## CAUSE OF ACTION

**Count One:  Failure to Timely Pay Overtime Wages to FLSA Nonexempt Employees, in Violation of the FLSA.**

33.    Plaintiffs Avalos, Davis, Brooks, and Magaki reassert the allegations contained in paragraphs 1 through 33 of this complaint as though contained herein.

34.    Defendant United States of America failed to pay FLSA nonexempt employees—including Plaintiffs Avalos, Davis, Brooks, and

Magaki—overtime wages earned on or after December 22, 2018 on their regularly scheduled payday.  That failure to issue timely payment violated the FLSA per se.

35.  Defendant United States of America has been held liable for this very type of FLSA violation in the past.  Its failure to issue timely payment to Plaintiffs Avalos, Davis, Brooks, and Magaki and similarly situated employees in bargaining units represented by NTEU in this shutdown constitutes an FLSA violation for which the FLSA's presumptive penalty of liquidated damages are warranted.

**Count Two:  Failure to Timely Pay A Minimum Wage to**
**FLSA Nonexempt, Excepted Employees, in Violation of the FLSA**

36.   Plaintiffs Avalos, Davis, Brooks, and Magaki reassert the allegations contained in paragraphs 1 through 36 of this complaint as though contained herein.

37.   Defendant United States of America failed to pay FLSA nonexempt employees—including Plaintiffs Avalos, Davis, Brooks, and Magaki—a minimum hourly wage for work performed on or since December 23, 2018 on their regularly scheduled payday.  That failure to pay timely violated the FSLA per se.

38.    Defendant United States of America has been held liable for this very type of FLSA violation in the past.  Its failure to issue timely payment to Plaintiffs Avalos, Davis, Brooks, and Magaki and similarly situated employees in bargaining units represented by NTEU in this shutdown constitutes an FLSA violation for which the FLSA's presumptive penalty of liquidated damages are warranted.

## REQUEST FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiffs Avalos, Davis, Brooks, and Magaki request, on their behalf and on behalf of similarly situated employees in bargaining units represented by NTEU between December 22, 2018 and the close of the opt-in period, judgment against Defendant United States of America:

A.    Certifying this FLSA collective action.

B.    Requiring Defendant United States of America to provide electronic notice to all affected employees of this collective action via their government email addresses using language approved by the Court.

C.    Ordering Defendant United States of America to make members of the collective action whole by paying them any overtime

wages earned since December 22, 2018, and any minimum wage owed earned since December 23, 2018 but not timely paid on their regularly scheduled payday (to the extent such wages have not been paid).

D.     Ordering Defendant United States of America to pay members of the collective action liquidated damages in an amount equal to overtime wages earned between December 22, 2018 and January 25, 2019, and any minimum wage owed earned between December 23, 2018 and January 25, 2019, but not timely paid on their regularly scheduled payday.

E.     Awarding Plaintiffs Avalos, Davis, Brooks, and Magaki and other members of the collective action reasonable attorneys' fees and costs incurred in this action.

F.     Ordering such further relief as the Court may deem just and appropriate.

Respectfully submitted,

/s Gregory O'Duden, by /s Julie M. Wilson

_____

GREGORY O'DUDEN
General Counsel
NATIONAL TREASURY EMPLOYEES UNION
1750 H Street, N.W.
Washington, D.C.  20006
Tel: (202) 572-5500
Fax: (202) 572-5645
greg.oduden@nteu.org

Counsel of Record for Plaintiffs

Larry J. Adkins
Julie M. Wilson
Paras N.  Shah
Allison C. Giles
NATIONAL TREASURY EMPLOYEES UNION
1750 H Street, N.W.
Washington, D.C.  20006
Tel: (202) 572-5500
Fax: (202) 572-5645
larry.adkins@nteu.org
julie.wilson@nteu.org
paras.shah@nteu.org
allie.giles@nteu.org

Of Counsel for Plaintiffs

Leon Dayan
Abigail Carter
BREDHOFF & KAISER PLLC
805 15th Street N.W.
Suite 1000
Washington, D.C. 20005
Tel: (202) 842-2600

Fax:  (202) 842-1888
ldayan@bredhoff.com
acarter@bredhoff.com

January 29, 2019          Of Counsel for Plaintiffs

## <u>CERTIFICATE OF SERVICE</u>

I certify that, on January 29, 2019, I electronically filed the foregoing first amended complaint, with attachments, with the Clerk of the Court for the United States Court of Federal Claims through the CM/ECF system.

/s/ Julie M. Wilson

_____

JULIE M. WILSON

NATIONAL TREASURY EMPLOYEES UNION
1750 H Street, N.W.
Washington, D.C. 20006
Tel: (202) 572-5500
Fax: (202) 572-5645
Julie.wilson@nteu.org

Consent to Become a Party Plaintiff

By my signature below, I represent to the court that I have worked for the United States government and that during the partial government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid.  I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act and any other applicable laws or regulations.

_____
Date

_____
Eleazar Ávalos

Home address:
8660 FM 1421
Brownesville, TX 78520

Employer:
United States Customs and
Border Protection

Job Title:
Customs and Border
Protection Officer

## Consent to Become a Party Plaintiff

 By my signature below, I represent to the court that I have worked for
the United States government and that during the partial government
shutdown that began on December 22, 2018, I was deemed an
essential/excepted employee and performed work for which I was not
timely and/or accurately paid.  I authorize the filing and prosecution of
an action in my name and on my behalf, and on behalf of others
similarly situated to recover unpaid wages, liquidated damages,
interest, and all other relief provided under the Fair Labor Standards
Act and any other applicable laws or regulations.

_____
Date  1/9/19

James Davis
_____
James Davis

Home address:
PO Box 367
La Pryor TX  78872
Employer:
United States Customs and
Border Protection

Job Title:
Customs and Border
Protection Officer

## Consent to Become a Party Plaintiff

By my signature below, I represent to the court that I have worked for the United States government and that during the partial government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act and any other applicable laws or regulations.

_Jan 11, 2019_
Date

Tony Brooks

Home address:
14332 Montfort Dr.
Apt. 13201
Dallas, TX 75254

Employer:
United States Customs and
Border Protection

Job Title:
Customs and Border
Protection Officer

Consent to Become a Party Plaintiff

By my signature below, I represent to the court that I have worked for the United States government and that during the partial government shutdown that began on December 22, 2018, I was deemed an essential/excepted employee and performed work for which I was not timely and/or accurately paid. I authorize the filing and prosecution of an action in my name and on my behalf, and on behalf of others similarly situated to recover unpaid wages, liquidated damages, interest, and all other relief provided under the Fair Labor Standards Act and any other applicable laws or regulations.

01/09/2019.
Date

David Magaki

Home address: 1017 N. MARK CIR.
HARLINGEN, TX 7855?

Employer:
United States Customs and
Border Protection

Job Title:
Customs and Border
Protection Officer