# In the United States Court of Federal Claims

No. 19-48C

(E-Filed: February 23, 2021)

|                               |   |
|-------------------------------|---|
| ELEAZAR AVALOS, et al.,       | ) |
|                               | ) |
| Plaintiffs,                   | ) |
|                               | ) |
| v.                            | ) |
|                               | ) |
| THE UNITED STATES,            | ) |
|                               | ) |
| Defendant.                    | ) |
|                               | ) |

## ORDER

There are presently four motions pending before the court in this case: (1) plaintiffs' motion to conditionally certify a class in this case, ECF No. 49; (2) defendant's motion to certify an interlocutory appeal and to stay all proceedings in this case, ECF No. 74; (3) plaintiffs' motion to amend the pleadings, ECF No. 76; and (4) plaintiffs' motion to consolidate this case with three other related cases, ECF No. 79. For the following reasons, the court grants defendant's motion to certify an interlocutory appeal in this case, ECF No. 74, and will stay all proceedings in this case during the pendency of that appeal, except that plaintiffs may continue to file opt-in notices as individuals wish to join the case.

I.      Interlocutory Appeal Is Warranted

The court wrote extensively about the background of this case in its opinion denying defendant's motion to dismiss. See ECF No. 60. As explained therein, this case arises out of the partial government shutdown that began on December 22, 2018. See id. at 2. Plaintiffs allege that they were not paid wages to which they were entitled under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-19, because they were required to work without being paid on their regularly scheduled paydays during the shutdown. See id. at 2-3. In denying defendant's motion to dismiss, the court concluded that the Anti-Deficiency Act (ADA), 31 U.S.C. §§ 1341-42, including the Government Employees Fair Treatment Act of 2019 (GEFTA), Pub. L. No. 116-1, 133 Stat. 3 (2019), which amended the ADA, did not abrogate defendant's obligations under the FLSA

during a government shutdown.  See id. at 10-13.  Defendant now asks the court to "certify for interlocutory appeal under 28 U.S.C. § 1292(d)(2) the question of whether [defendant] is liable for liquidated damages under the [FLSA] when [defendant] complies with the [ADA's] command to defer payment of Federal employees' wages during a lapse in appropriations."  ECF No. 74 at 5-6.  Defendant argues that:

> [b]efore the parties and the [c]ourt dedicate extraordinary time and resources to briefing outstanding issues, conducting discovery, and potentially calculating damages owed to tens of thousands of plaintiffs, . . . the [c]ourt should permit the United States Court of Appeals for the Federal Circuit the opportunity to consider the same question, which represents precisely the sort of dispositive legal question for which Congress enacted section 1292(d).

Id. at 6.  Plaintiffs do not oppose the certification of this question for interlocutory appeal.  See ECF No. 77 at 1 (plaintiffs' response).

Interlocutory appeals from rulings of this court are governed by 28 U.S.C. § 1292(d)(2), which provides as follows:

> when any judge of the United States Court of Federal Claims, in issuing an interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order.

Section 1292(d)(2) establishes three factors that the court must consider in exercising its discretion to allow an interlocutory appeal:  (1) whether there is "a controlling question of law" involved; (2) whether "there is a substantial ground for difference of opinion" on that question; and (3) whether "an immediate appeal from [the court's ruling] may materially advance the ultimate termination of the litigation."  Id.; see also Abbey v. United States, 89 Fed. Cl. 425, 429 (2009) (identifying the factors); Neb. Pub. Power Dist. v. United States, 74 Fed. Cl. 762, 763 (2006) (noting that the decision to allow an interlocutory appeal is within the court's discretion).

As noted above, the specific question defendant asks this court to certify for interlocutory review is "whether [defendant] is liable for liquidated damages under the [FLSA] when [defendant] complies with the [ADA's] command to defer payment of Federal employees' wages during a lapse in appropriations."  ECF No. 74 at 5-6.  While the court does not agree with defendant's characterization that the ADA includes a "command to defer payment of Federal employees' wages during a lapse in

2

appropriations," the court agrees that appellate review of the legal reasoning underlying defendant's position is warranted in this case under the test set forth in § 1292(d)(2). Id. at 6.

First, in its opinion denying defendant's motion to dismiss, the court adopted its reasoning in Martin v. United States, 130 Fed. Cl. 578 (2017), in which it concluded that:

> the appropriate way to reconcile the [ADA and the FLSA] is not to cancel defendant's obligation to pay its employees in accordance with the manner in which the FLSA is commonly applied. Rather, the court would require that defendant demonstrate a good faith belief, based on reasonable grounds, that its actions were appropriate. As such, the court will proceed to analyze this case under the construct of the FLSA, and evaluate the existence and operation of the ADA as part of determining whether defendant met the statutory requirements to avoid liability for liquidated damages.

130 Fed. Cl. at 584. This ruling explains the structure of the appropriate legal reasoning in the court's view and is fundamentally at odds with defendant's position on the intersection of the FLSA and ADA. The interplay between these two statutes is critical to determining the scope of defendant's liability in this case, and therefore, is fairly considered a controlling question of law. See Neb. Pub. Power, 74 Fed. Cl. at 763 ("Questions [of law] are 'controlling' when they 'materially affect issues remaining to be decided in the trial court.'") (quoting Marriott Int'l Resorts, L.P. v. United States, 63 Fed. Cl. 144, 145 (2004)).

Second, there is a substantial ground for a difference of opinion with regard to the court's conclusion. See 28 U.S.C. § 1292(d)(2). While the court is satisfied with the conclusion it reached in deciding that the ADA and the GEFTA do not abrogate defendant's obligations under the FLSA—and will not reiterate its reasoning here— defendant's opposition is substantial and supported by a plausible reading of the statutes and related authority. See ECF No. 74 at 10-13.

Finally, there is no question that an immediate appeal from this court's ruling denying defendant's motion to dismiss would "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(d)(2). If the Federal Circuit agrees with defendant that it cannot be held liable for liquidated damages under the FLSA when its failure to pay employees complies with the ADA, both the legal and factual issues left to determine in this case—to the extent there are any—would be substantially reduced. See ECF No. 74 at 6, 9. The court further agrees that a decision from the Federal Circuit, regardless of what that decision is, will clarify the path forward for the parties and the court, and could serve to avoid voluminous, unnecessary work for all involved. See id. at 14-15.

Accordingly, the court finds that, as set forth in 28 U.S.C. § 1292(d)(2), its decision denying defendant's motion to dismiss, ECF No. 60, involves "a controlling question of law . . . with respect to which there is a substantial ground for difference of opinion and . . . an immediate appeal from that [decision] may materially advance the ultimate termination of the litigation."

II.  A Partial Stay of Proceedings Is Appropriate

An interlocutory appeal of a decision in this case does not automatically stay proceedings in this court, but the court may stay the case pending resolution of the appeal.  See 28 U.S.C. § 1292(d)(3).  Here, defendant requests a stay of all proceedings, but notes that it does not object to plaintiffs' ability to file additional opt-in notices so long as its ability "to object that the consent forms are improper or otherwise untimely filed is preserved."  ECF No. 78 at 5 (defendant's reply in support of its motion).  Plaintiffs oppose such a broad stay, and request that the court rule on their motions for conditional certification and to equitably toll the statute of limitations, ECF No. 49, before staying further proceedings in this case.  See ECF No. 77 at 1-2.  The court declines to do so.

By allowing plaintiffs to continue filing opt-in notices during the pendency of the interlocutory appeal, the court ensures that individuals who wish to join the case—and believe that their claims are timely—may do so.  Plaintiffs have not demonstrated that yet unidentified, potential plaintiffs have a right to receive notice of the litigation through the class certification process at this stage of the proceedings.[1]  Moreover, much of the benefit to be gained through an interlocutory appeal will be foregone by pressing forward with class certification—an effort that will require considerable work for the parties and the court to accomplish.

With regard to equitable tolling, the court finds that plaintiffs' request for the court to consider the issue is premature.  Plaintiffs "must prove two elements to establish that equitable tolling of a statute of limitations is appropriate:  (1) [they] pursued [their] rights diligently, and (2) an extraordinary circumstance prevented [them] from timely filing the claim."  K.G. v. Sec'y of Health & Hum. Servs., 951 F.3d 1374, 1379 (Fed. Cir. 2020) (citing Menominee Indian Tribe v. United States, 136 S. Ct. 750, 755 (2016)).  Here,

---

[1]   In support of this argument, plaintiffs cite two unreported cases that are not binding on this court:  Archon v. Taylor & Tyler, Inc., No. 18-6854, 2018 WL 5084875 (E.D. La. Oct. 18, 2018) and In re Chickie's & Pete's Wage & Hour Litig., No. 12-6820, 2013 WL 2434611 (E.D. Pa. June 5, 2013).  See ECF No. 77 at 3-4.  Both of these cases, at most, demonstrate the trial court's discretion to consider prejudice to potential plaintiffs in determining whether a stay is appropriate prior to class certification.  See Archon, 2018 WL 5084875, at *3; In re Chickie's, 2013 WL 2434611, at *3.  Neither case finds that the potential plaintiffs have a right to receive a notice at a particular stage of litigation.

however, plaintiffs are asserting this argument on behalf of individuals who are not—and may never be—parties to this case. As such, plaintiffs cannot make the requisite showing at this time. Indeed, the Federal Circuit has held that deciding the issue of equitable tolling in such a circumstance would amount to an advisory opinion, which this court cannot issue. See United States v. Cook, 795 F.2d 987, 994 (Fed. Cir. 1986) (reversing the trial court's decision to toll the FLSA statute of limitations with regard to claims by plaintiffs who had not yet joined the case).

For these reasons, the court will impose a stay of the proceedings in this case pending the resolution of the interlocutory appeal, except that plaintiffs may continue to file opt-in notices during that time.

III. Conclusion

Accordingly:

(1) Defendant's motion to certify an interlocutory appeal and to stay this case, ECF No. 74, is **GRANTED**;

(2) Plaintiffs may **FILE** additional opt-in notices **as necessary**, by filing a **notice** attaching:

   (a) their opt-in notice summary to include the required information, as identified in this court's November 18, 2020 order, ECF No. 50, for all individuals who have filed such notices in this case; and

   (b) the opt-in notices for all individuals received by plaintiffs but not previously filed on the docket in this case.

(3) The clerk's office is directed to **STAY** this case until further order of the court; and

(4) The parties are directed to **FILE** a **joint status report** within thirty days of the Federal Circuit's ruling on the interlocutory appeal proposing further proceedings in this case.

IT IS SO ORDERED.

s/Patricia E. Campbell-Smith  
PATRICIA E. CAMPBELL-SMITH  
Judge